## James Walsh v. John P. Hettinger.

1.   SHORT CAUSE CALENDAR—*Discretion of the Court.*—Much discretion is reposed in the trial judge as to what he will do in respect to allowing causes to remain upon, be tried on, or stricken off, of the short cause calendar.

2.   STATEMENT OF ACCOUNT—*Binding upon the Parties.*—Where a person renders to another a bill of his account against him for services rendered, he will, upon an action brought for the same, be confined in his recovery to the amount of the bill rendered, unless he can satisfactorily show that the bill rendered is not correct.

**Assumpsit,** for the services of an architect.    Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1895.    Remittitur ordered.    Reversed and remanded.    Opinion filed May 16, 1895.

### STATEMENT OF THE CASE.

This was an action by an architect to recover for the making of plans, specifications, sketches and drawings.

The plaintiff claimed the sum of $1,102, for which sum he had rendered an itemized bill.

The *ad damnum* of the plaintiff's declaration was in the sum of $1,200; the declaration, as first filed, contained one special count and the common counts.    To this the defendant filed a plea of general issue.    Afterward the plaintiff obtained leave and filed another special count, to which the defendant interposed the general issue, a plea of the statute

of frauds and notice of a set-off to the amount of $2,500, by reason of damages claimed to have been suffered by appellant on account of the neglect and mismanagement of the plaintiff in respect to the construction and superintendence of a certain building mentioned in the plaintiff's declaration.

A demurrer to the special plea of the defendant to the amended declaration was sustained.

On the 25th day of October, 1895, the plaintiff's attorney, for the purpose of having the cause placed upon the short cause calendar, made and filed an affidavit that he verily believed that the trial of said cause would not occupy more than one hour's time. On the 5th day of November, the plaintiff filed the additional count heretofore mentioned, and by agreement the cause was continued on the short cause calendar for one week, without prejudice.

On the 10th day of November, the plaintiff demurred to the special plea heretofore mentioned, and on the 17th day of November such demurrer was sustained.

On the 20th day of November the defendant moved to strike the cause from the short cause calendar, because the cause was not then at issue, which motion the court overruled.

On the 26th day of November, the cause was called for trial on the short cause calendar.

The oral testimony given upon the trial occupies sixty typewritten pages of the record. Plans and sketches of proposed buildings were introduced in evidence upon the hearing; also a bill rendered by the plaintiff to the defendant, dated June 1, 1894, for $485; and another itemized bill for $1,102 the latest date of any item, upon which is "May, 1893."

The jury returned a verdict and there was judgment for the plaintiff for $800.

Defendant's counsel called, during the presentation of plaintiff's case, the attention of the court to the fact that the case had already occupied more than an hour, and asked that it be stricken from the short cause calendar, which the court refused to do.

O'DONNELL & COGHLAN, attorneys for appellant.

WARWICK A. SHAW, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Great complaint is made by appellant that he was prejudiced by the conduct of the court in, as he says, so hurrying the trial of the cause that he was unable to examine the exhibits introduced by plaintiff, or properly present his own case; and it is strenuously urged that this cause ought not to have been placed or tried upon the short cause calendar.

As we have before said, much discretion is reposed in the trial judge as to what he will do in respect to allowing causes to remain upon, be tried on or stricken off the short cause calendar. We do not think, as we examine the record of this cause, it to have been one that ought ever to have been placed on the short cause calendar. It was not a mere collection case. The declaration contained two special counts, as well as the common counts. An offer of compromise had been rejected, and it is apparent that it was a fighting case. It is very seldom that an action for disputed services, such as plaintiff claims to have rendered, where the defendant disputes the entire bill, can be tried in one hour.

The motion of the defendant, made November 20th, to strike the cause from the short cause calendar, was placed upon the ground, solely, that the cause was not then at issue; the court does not appear to have been then informed of what the pleadings were or the nature of the litigation.

We perceive no error in its action upon that motion. Nor are we willing to say that it erred in not continuing the cause upon the trial.

We are not, however, able to affirm the judgment in this case for $800, in the face of the fact of the rendering, June 1, 1894, by the plaintiff to the defendant, of a bill for $485. No satisfactory explanation of the change of appellee's claim from $485 to $1,102 has been made. The judgment

of the Circuit Court will be reversed, and the cause remanded, unless the plaintiff shall, within ten days, remit $315 from his judgment.

In any event, appellant will recover his costs in this court. Reversed and remanded, unless remittitur in ten days.